IN THE UNITED STATES DISTRICT COURT FOR
DISTRICT OF NEW JERSEY

RECEIVED
\_\_IAM T. WALSH, CLERK

2008 APR 15  P 2: 34

UNITED STATES
DISTRICT COURT

| | |
|---|---|
| PAMELA WINROW ISLAM : | |
| 269 Gould Avenue : | |
| Bridgeton, NJ 08302 : | |
|     Plaintiff : | Civil Action No. 08 C V 1844 (JBS |
| : | |
| v. : | |
| CITY OF BRIDGETON : | Jury Trial Requested |
| Bridgeton Police Department : | |
| 168 E. Commerce Street : | |
| Bridgeton, NJ : | |
|     Defendant : | |
| and : | |
| POLICE OFFICER JAMES SHRADER : | |
| Badge No. 265, individually and in his : | |
| capacity as a Bridgeton Police Officer : | |
| 168 E. Commerce Street : | |
| Bridgeton, NJ : | |
|     Defendant : | |
| and : | |
| STATE OF NEW JERSEY : | |
| Dept. Of Motor Vehicles : | |
| 40 East Broad Street : | |
| Bridgeton, NJ : | |
|     Defendant : | |
| and : | |
| DOUG VAN SANT : | |
| Examiner Dept of Motor Vehicles : | |
| 40 East Broad Street : | |
| Bridgeton, NJ : | |

## COMPLAINT

### I. INTRODUCTION

1. This is a civil action brought by the plaintiff, Pamela Islam, under the

Civil Rights Act of 1866, 42 U.S.C. § 1983. Plaintiff seeks damages and attorney

fees to redress her claims of violations of her federal First Amendment Rights of freedom of speech and religion.

## II. JURISDICTION AND VENUE

2. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 and 42 U.S.C. Section 1983. Venue is based on 28 U.S.C. Section 1391(b). Plaintiff also invokes the pendent jurisdiction of this Court to hear and decide claims arising under the laws of the State of New Jersey.

## III. PARTIES

3. Plaintiff, Pamela Islam is a citizen of the United States of America and resides at 269 Gould Avenue, Bridgeton, New Jersey. Ms. Islam is practicing member of the Islamic faith.

4. Defendant, Bridgeton, New Jersey is a city organized under the laws of New Jersey and is a person within the meaning of 42 U.S.C. § 1983 of th United States Code.

5. Defendant, P/O James Shrader was at all times relevant to this action a police officer for the City of Bridgeton and was acting as an agent, servant and/or employee of the defendant, City of Bridgeton.

6. Defendant, Dough Van Sant was at all times relevant to this action an employee of the New Jersey Department of Motor Vehicles and was acting as an agent, servant and/or employee of the defendant State of New Jersey.

## IV. FACTUAL ALLEGATIONS

fees to redress her claims of violations of her federal First Amendment Rights of freedom of speech and religion.

## II. JURISDICTION AND VENUE

2. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 and 42 U.S.C. Section 1983. Venue is based on 28 U.S.C. Section 1391(b). Plaintiff also invokes the pendent jurisdiction of this Court to hear and decide claims arising under the laws of the State of New Jersey.

## III. PARTIES

Plaintiff, Pamela Islam is a citizen of the United States of America residing at 269 Gould Avenue, Bridgeton, New Jersey. Ms. Islam is practicing member of the ... faith.

Defendant, Bridgeton, New Jersey is a city organized under the laws of New Jersey and is a person within the meaning of 42 U.S.C. § 1983 of th ... ode.

5. Defendant, P/O James Shrader was at all times relevant to this action a police officer for the City of Bridgeton and was acting as an agent, servant and/or employee of the defendant, City of Bridgeton.

6. Defendant, Dough Van Sant was at all times relevant to this action an employee of the New Jersey Department of Motor Vehicles and was acting as an agent, servant and/or employee of the defendant State of New Jersey.

## IV. FACTUAL ALLEGATIONS

7.  The averments set forth in all preceding paragraphs, are incorporated herein by reference. In the following written statements are my account of what encountered when I attempted to attain a duplicate copy of my driver's license at the Motor Vehicle Commission located in Bridgeton, New Jersey. My freedom of speech and religion was violated under the Federal Constitution. Additionally, there was a use of excessive force, which is in clear violation of the 4th Amendment.

*Pamela Winniet Bloom*

Page 1

On April 17, 2007, I entered the Bridgeton Office of the Motor Vehicle Commission to obtain a duplicate driver's license. I was informed by 2 MVC employees that I would need to present "6 points of ID ". That was incorrect information. According to MVC policy, for a duplicate license, one only need to present 3 forms of ID, not six points. So from the start, the employees did not know the correct policy.

On April 18, 2007, I arrived there at approximately 4:15-4:20 p.m., and was in line with other patrons. I completed the application, handed it to the clerk and was directed to the area where the photos are taken. The **clerk** told me that I had to remove my headscarf. I advised her that I'd encountered this situation here 16 years ago, and that there is a statute/rule to the effect that I do not have to remove my hair-covering because it is worn for religious reasons. She proceeded **to yell** to someone in one of the back offices, asking, Doesn't she have to have to take off the scarf. The response from the back was Yes. My response was, No I don't, there is a statute to that effect. This is the point where this situation really went out of control.

A man walked out into the Customer Service area from one of the back offices. I told him that I'd encountered this same situation 16 years ago, so I know that there is a statue concerning the head-covering. In a very nasty derogatory tone, he advised me that "That was sixteen years ago." I asked to speak to the supervisor. He told me that he **was the manager.** I advised him again that he was wrong. I asked to speak to his supervisor and he told me, again in a very nasty and disrespectful voice, that I would have to call Trenton. He further added that **"That was before 9-11".** I asked him his name and he said, I told you before. (He may have).  Then I asked him to write it down. He wrote it down on a Post-It, **Douglas Vansant.** Then I asked him again, still in disbelief, you're telling me that it is against MVC policy to take my photo with my hair covered. He stated yes. Then I asked him to write that down. He also wrote that down on a Post-It. **He told me that I wouldn't be getting a license there.**

After the 9-11 remark, I said to him that it's apparent that you have a problem with Islam or Muslims. He stated that I don't know what you believe or I don't care what you believe.

He, quite arrogantly told me that **he was finished talking to me** and then he motioned to the police officer located on the other side of the room. He said to him to **Escort her out of here.** The police officer came over to me, stood beside me, **right in my face,** and pushed my right shoulder with his left shoulder. He did this at least three times. I was at no time being resistant. He was pushing me along. I informed that officer that he was assaulting me and that I would be filing charged. He then grabbed me by my forearm and was pulling me through the length of the office. He continued, out of the office, through the lobby of the State Building and to the exit. When we got to the exit door, we entered the double-doors (he was pulling my arm the entire time) Now we were alone. This is where he reached around and grabbed his handcuffs and placed them on my wrists and told me that I was under arrest. I asked "For what, and he said, for Disorderly Person".

I was taken to the Bridgeton Police Department and processed . This was also a very horrific experience. I was vomiting and was so fearful that I urinated on myself. To

Page 2

make a long story short, the charge was changed from "disorderly person" to "defiant trespass."

The next day, I received 2 phone calls from MVC. The first call, my husband answered. Jean told him to tell me that I could come pick up my license; I just needed to complete a form. The second call was answered by voice mail, saying that I didn't need to complete any forms because Trenton advised them that I didn't need to.

I hired an attorney
I filed a complaint with Internal Affairs
I filed a cross-compliant against the officer.

All charges were dismissed on May 30, 2006. The officer whom I'd filed the complaint against did not even show up. Nor did the other person involved, who was supposed to be a witness (Douglas Vansant).

I am seeking some justice. As a result of this horrific experience, I suffered mental anguish and was out of work from May 18, 2006 until October 16, 2006. I encountered financial loss. I had and continue to have issues dealing with family, friends and strangers as a result of this ordeal. I am a Social Worker II and employed by the State of NJ Department of Corrections at South Woods State Prison. I have never been so humiliated, embarrassed, and disrespected in my entire life.

*[Signature: Pamela Vansant-Dolan]*