IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| PAMELA WINROW ISLAM, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO: 08-cv-01844(JBS) |
| CITY OF BRIDGETON; STATE OF NEW JERSEY, DEPARTMENT OF MOTOR VEHICLES for injunctive relief; JAMES SHRADER; and DOUGLAS VAN SANT, in his personal capacity; as well as Jane Does 1-10, | : | **FIRST AMENDED COMPLAINT** |
| Defendants. | : | |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Pamela Islam, residing in New Jersey, by way of complaint against the Defendants says:

**JURISDICTION**

The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §§ 1983, 1988; 28 U.S.C. § 1331, 28 U.S.C. § 1343. Plaintiff invokes this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

**PARTIES**

1. Plaintiff, Pamela Islam, is a citizen of the United States of and resides at 269 Gould Avenue, Bridgeton, New Jersey.  Ms. Islam is a practicing member of the Islamic faith.

2. Defendant, Bridgeton, New Jersey, is a city organized under the laws of New Jersey and is a person within the meaning of 42

U.S.C. §1983 of the United States Code.

3. Defendant, Police Officer James Shrader, was at all times relevant to this action, a police officer for the City of Bridgeton and was acting as an agent, servant and/or employee of the defendant, City of Bridgeton.

4. Defendant, Doug Van Sant, was at all times relevant to this action, an employee of the New Jersey Department of Motor Vehicles and was acting as an agent, servant and/or employee of the Defendant, State of New Jersey.

**FACTS**

5. On April 7, 2007, Plaintiff entered the Bridgeton office of the New Jersey Division of Motor Vehicles to obtain a driver's license. The Plaintiff was mistakenly was told that she needed more forms of identification than necessary.

6. On or about April 18, 2007, Plaintiff went back to the Division of Motor Vehicles and was in line to obtain a duplicate license.

7. Due to religious purposes, Plaintiff was wearing a head scarf.

8. Plaintiff was ordered by a clerk, namely Jane Doe #1, to remove her scarf for the purpose of the photos. It should be noted that the scarf in no way covers the plaintiff's face.

9. The clerk called to the "manager" of the DMV office, namely Defendant Douglas Van Sant, in Bridgeton who approached the Plaintiff.

10.   The plaintiff was then approached by a police officer, namely Defendant Shrader.  Defendant Shrader first pushed the Plaintiff's right shoulder with his left shoulder approximately three times, in an attempt to push Plaintiff along.

11.   SHRADER then grabbed Plaintiff by the forearm pulling her Through the office and out the door, through the lobby of the State building and to the exit.

12.   Near the exit of the State office building, Defendant Shrader handcuffed Plaintiff and arrested her for supposed disorderly conduct.

13.   Criminal charges were dismissed against Plaintiff in Bridgeton Municipal Court on May 30, 2006.

14.   Defendant Shrader had no probable cause to arrest Plaintiff for any offense of the New Jersey Criminal Code.

15.   As a result of this incident, Plaintiff was severely humiliated and has suffered severe mental and emotional anguish.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF SECTION 1983
### AS AGAINST THE NEW JERSEY DEPARTMENT OF MOTOR VEHICLES AND DEFENDANT DOUGLAS VAN SANT

16.   Plaintiff repeats herein the allegations of the previous paragraphs as if set forth at length herein.

17.   The actions of Defendant Douglas Van Sant violated Plaintiff's civil rights as follows:

    a.    Falsely placing Plaintiff into custody;

    b.    Denying Plaintiff right of expression;

    c.    Denying Plaintiff the privilege of obtaining a driver's license;

    d.    Denying Plaintiff's right to petition for a redress of grievances;

    e.    Initiating criminal prosecution and/or procedures against Plaintiff;

    d.    Denying Plaintiff's right to due process of the law.

## COUNT II
## VIOLATION OF SECTION 1983
## SEEKING INJUNCTIVE RELIEF ONLY AS AGAINST
## DEFENDANT DEPARTMENT OF MOTOR VEHICLES

18. Plaintiff repeats herein the allegations of the previous paragraphs as if set forth at length herein.

19. Plaintiff seeks from this Court injunctive relief preventing the Department of Motor Vehicles from interfering with her right to obtain a driver's license or her right to seek a driver's license based on her religious beliefs which require her to wear a head scarf, which does not cover the face.

## COUNT III
## VIOLATION OF SECTION 1983
## AS AGAINST DEFENDANT BRIDGETON POLICE DEPARTMENT
## AND DEFENDANT POLICE OFFICER JAMES SHRADER

20. Plaintiff repeats herein the allegations of the previous paragraphs as if set forth at length herein.

21. The actions of Defendants Shrader and Bridgeton Police

Department violated Plaintiff's civil rights as follows:

    a.   Falsely arresting Plaintiff;

    b.   Falsely imprisoning Plaintiff;

    c.   Falsely detaining Plaintiff;

    d.   Maliciously prosecuting Plaintiff when Defendant Shrader knew that there was no probable cause to arrest Plaintiff;

    e.   Denying Plaintiff's right to freedom of speech and right to petition government to for a redress of grievances.

## COUNT IV
### VIOLATION OF LAW AGAINST DISCRIMINATION
### AGAINST DEFENDANTS DOUG VAN SANT AND OFFICER SHRADER

22. Plaintiff repeats herein the allegations of the previous paragraphs as if set forth at length herein.

23. The actions of Defendant Van Sant and Shrader violated Plaintiff's right to avail herself of accommodations and/or services as a result of her religion.

## COUNT V
### VIOLATION OF NEW JERSEY STATE CONSTITUTION
### AS AGAINST DEFENDANTS DOUG VAN SANT,
### BRIDGETON POLICE DEPARTMENT AND OFFICER SHRADER

24. Plaintiff repeats herein the allegations of the previous paragraphs as if set forth at length herein.

25. The actions of Defendants Van Sant, the Bridgeton Police Department, and Officer Shrader, violated Plaintiff's rights under the New Jersey State Constitution.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgement for compensatory damages, punitive damages, attorneys fees and costs pursuant to any statute pled herein and for injunctive relief as follows:

a.  An injunctive against Defendants Van Sant, the Bridgeton Police Department and the New Jersey Department of Motor Vehicles from denying and other similarly situated, the right to obtain a license or duplicate license from merely wearing a head scarf;

b.  An injunction requiring Defendants Department of Motor Vehicles and Van Sant to appropriately train subordinates;

c.  For such further relief as the Court may deem equitable and just.

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues in this action.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates the undersigned as trial counsel.


/s/William H. Buckman
WILLIAM H. BUCKMAN,
Attorney for Plaintiffs

DATED: 2/3/09