```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
```

| | |
|---|---|
| PAMELA WINDROW ISLAM,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF BRIDGETON, et al.,<br><br>    Defendants. | Civil No. 08-1844 (JBS/AMD) |

## SCHEDULING ORDER

This Scheduling Order confirms the directives given to counsel during the telephone status conference held on December 10, 2009; and the Court noting the following appearances: Lilia Londar, Esquire, appearing on behalf of plaintiff; Elaine C. Schwartz, Deputy Attorney General, appearing on behalf of Douglas VanSant; and Robert V. Fodera, Esquire, appearing on behalf of defendants City of Bridgeton and James Shrader; and for good cause shown:

IT IS this **10th** day of **December 2009**, hereby **ORDERED:**

1. Pretrial factual discovery is hereby extended to **January 29, 2010.** All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

2. **Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in Hall v. Clifton Precision, 150 F.R.D. 525 (E.D.Pa. 1993).

3. All expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of plaintiff shall be served upon counsel for defendants not later than **February 26, 2010.** All expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of defendants shall be served upon counsel for plaintiff not later than **March 31, 2010.** Each such report should be accompanied by the curriculum vitae of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been

timely followed.  Depositions of proposed expert witnesses shall be concluded by **May 14, 2010**.

       For purposes of this Scheduling Order, treating physicians, if any, shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment.  However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

       The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and <u>Teen-Ed v. Kimball International, Inc.</u>, 620 F.2d 399 (3d Cir. 1980).

       4.  The in-person settlement conference on January 12, 2010 is **<u>RESCHEDULED</u>** to **<u>March 8, 2010 at 2:30 P.M.</u>**.  Clients with settlement authority shall be available via telephone.  Counsel shall exchange and submit settlement memoranda to the Court at least two weeks prior to the conference.

       5.  **<u>Dispositive Motions</u>**.  Dispositive motions shall be filed with the Clerk of the Court no later than **March 26, 2010**.  Opposition to the motion should be served in a timely fashion.  Counsel are to follow L. CIV. R. 7.1, 7.2, 56.1 and 78.1 (Motion Practice - Generally).

       6.  The Final Pretrial Conference on April 22, 20010 is **<u>RESCHEDULED</u>** to **<u>June 24, 2010 at 10:00 A.M.</u>**.  The form Joint Final Pretrial Order (original and two copies for the court, with sufficient copies for all counsel), as signed by all counsel, shall be delivered to the Court at the conference.  The plaintiff's portion of the proposed order shall be prepared and sent to defense counsel not later than **June 3, 2010**.  Defendants' portion of the proposed order shall be prepared and returned to counsel for plaintiff not later than **June 17, 2010.  FAILURE TO APPEAR AT THIS CONFERENCE WILL LEAD TO THE IMPOSITION OF SANCTIONS, INCLUDING COSTS.**

       **<u>TRIAL COUNSEL MUST APPEAR AT THE FINAL PRETRIAL CONFERENCE UNLESS SPECIFICALLY EXCUSED BY THE COURT.</u>**  <u>FED. R. CIV. P. 16(d)</u>.

       7.  Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period

sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

<u>s/ Ann Marie Donio</u>
ANN MARIE DONIO
United States Magistrate Judge

cc: Hon. Jerome B. Simandle