PAULA T. DOW
ACTING ATTORNEY GENERAL OF NEW JERSEY

By:  Elaine C. Schwartz
Deputy Attorney General

R.J. Hughes Justice Complex
25 Market Street
P.O. Box 114
Trenton, New Jersey 08625
Tel.: (609) 292-0825
Fax: (609) 292-5649

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| PAMELA WINROW ISLAM : | |
| : | Case No. 08-cv-01844 (JBS-AMD) |
| Plaintiff : | |
| : | |
| : | **CIVIL ACTION** |
| v. : | |
| : | STATEMENT OF MATERIAL FACTS TO WHICH |
| : | THERE EXISTS NO GENUINE ISSUES |
| CITY OF BRIDGETON ET ALS. : | SUBMITTED BY DEFENDANT |
| : | DOUGLAS VANSANT |
| : | |
| Defendants : | |

     Defendant, Douglas VanSant submits this Statement of Material Facts as to Which There Exists No Genuine Issue, pursuant to L.Civ.R. 56.1, in support of Mr. VanSant's motion for summary judgment:

    1.   The discovery end date in this matter was extended three times, most recently until January 29, 2010 by Scheduling Order dated December 10, 2010 (Document 31).

    2.   As of close of discovery, Plaintiff did not provide a

computation of damages as required by the Initial Disclosures.

3. As of close of discovery, Plaintiff did not provide a response beyond "[i]nformation responsive to this interrogatory will be provided when obtained" in response to Defendant VanSant's interrogatories.

4. Magistrate Ann Marie Donio, U.S.M.J., specifically instructed Plaintiff to provide a response to the interrogatories.

5. By letter dated January 28, 2010 - one day prior to the discovery end date - Plaintiff provided the following statement with respect to Judge Donio's instruction:

> Please accept this correspondence as Plaintiff's response to defendant VanSant's request for Plaintiff's statement of damages. Plaintiff's damages for malicious prosecution include attorney fees for counsel she was forced to retain to defend her against charges in municipal court. Additionally, Plaintiff's damages for malicious prosecution and civil rights violations include emotional pain and suffering. (Letter from Plaintiff's Counsel dated January 28, 2010).

6. Mr. VanSant was not a participant in the prosecution of Plaintiff.

7. Mr. VanSant was not a participant in the arrest Plaintiff.

8. On January 29, 2010, when questioned at deposition regarding both compensatory and punitive damages, Plaintiff failed to provide any specific information in response to the questions.

9. On February 1, 2010, after close of discovery, counsel for Defendant VanSant sent a letter to Plaintiff's counsel,

demanding a computation of damages.

    10.  By letter dated February 5, 2010, in a three sentence response, Plaintiff did not provide a computation of damages but stated "I anticipate that I will be in receipt of these documents shortly and will proved you with a more detailed statement (of damages).

    11.  No detailed statement of damages and no computation of damages has been supplied during the fact discovery period.

    12.  The time for fact discovery has ended.

                      Respectfully submitted,

                            PAULA T. DOW
                            ACTING ATTORNEY GENERAL OF NEW JERSEY

              By:  /s/ *Elaine C. Schwartz*
                    Elaine C. Schwartz
                    Deputy Attorney General

                    R.J. Hughes Justice Complex
                    25 Market Street
                    P.O. Box 114
                    Trenton, New Jersey 08625
                    Tel.: (609) 292-0825
                    Fax: (609) 292-5649

Dated: February 8, 2010