PAULA T. DOW
ACTING ATTORNEY GENERAL OF NEW JERSEY

By:   Elaine C. Schwartz
Deputy Attorney General

R.J. Hughes Justice Complex
25 Market Street
P.O. Box 114
Trenton, New Jersey 08625
Tel.: (609) 292-'0825
Fax: (609) 292-5649

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| PAMELA WINROW ISLAM : | |
| : | Case No. 08-cv-01844 (JBS-AMD) |
| Plaintiff : | |
| : | |
| : | **CIVIL ACTION** |
| v. : | |
| : | STATEMENT OF MATERIAL FACTS TO WHICH |
| : | THERE EXISTS NO GENUINE ISSUES |
| CITY OF BRIDGETON ET ALS. : | SUBMITTED BY DEFENDANT |
| : | DOUGLAS VANSANT |
| : | |
| Defendants : | |
| : | |

ELAINE C. SCHWARTZ, hereby certifies as follows:

1.    I am a Deputy Attorney General with the State of New Jersey, Division of Transportation, Construction and Condemnation and have been assigned to the within case and as such am fully familiar with the facts I am about to relate herein.

2.    Attached hereto as Exhibit "A" is a true and accurate copy of Plaintiff's Initial Disclosures.

3.'   Attached hereto as Exhibit "B" is a true and

accurate copy of Interrogatories 18 and 19 served upon Plaintiff.

4. Attached hereto as Exhibit "C" is a true and accurate copy of Plaintiff's responses to Interrogatories 18 and 19.

5. Attached hereto as Exhibit "D" is a true and accurate copy of Plaintiff's counsel's letter of January 28, 2010.

6. Attached hereto as Exhibit "E" is a true and accurate copy of letter from counsel for VanSant dated February 1, 2010.

7. Attached hereto as Exhibit "F" is a true and accurate copy of Plaintiff's counsel's letter dated February 5, 2010.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By:  /s/ *Elaine C. Schwartz*
     Elaine C. Schwartz

     R.J. Hughes Justice Complex
     25 Market Street
     P.O. Box 114
     Trenton, New Jersey 08625
     Tel.: (609) 292-0825
     Fax: (609) 292-5649

Dated: February 8, 2010

## I.   CONTESTED FACTS

Defendants have contested all facts in this matter, without any specification.

## II.   INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

All persons named in Plaintiff's Complaint as either Plaintiff or Defendant; All persons named in Defendants' Disclosures to date; John Does 1-10.

## III.   DOCUMENTS RELEVANT TO DISPUTED FACTS

Plaintiff is in possession of medical records, which will be released at the time that an appropriate Confidentiality Order can be agreed upon.

## IV.   EXPERT TESTIMONY

Plaintiff has not to date identified any person who may be called at trial to present expert evidence and/or testimony, but retains her right to do so in the future.

## V.   INSURANCE AGREEMENTS

Not applicable.

## VI.   STATEMENT OF THE BASIS FOR ANY DAMAGES CLAIMED

Severe mental anguish and other hedonic injury, personal injury and counsel fees.

THE WILLIAM H. BUCKMAN LAW FIRM

DATED: 5/7/09        BY:        _Lilia Londar_____
                                LILIA LONDAR

-2-

**EXHIBIT A**

18. If you allege damages as a result of civil rights violation, set forth for each specific civil rights violation that you allege the particular damages that arose from that violation. In connection with this answer, please provide all calculations that you use to arrive at your damages figure and identify all documents that you will rely on in order to establish your damages and attach copies of said documents hereto.

19. If you allege that you are entitled to attorneys fees, set forth the following::

   a. The amount of attorneys fees that you claim.

   b. Attach hereto a copy of any retainer agreements that support the claim of attorneys fees.

   c. Attach copies of all bills rendered to date.

- 13 -

**EXHIBIT B**

denying her the right to petition for a redress of grievances.
(3) Defendant violated Plaintiff's rights in violation of the Law Against Discrimination.  Defendant violated Plaintiffs right to avail herself of services as a result of her religion.
(4) Defendant violated Plaintiff's New Jersey State Constitutional Rights.  Defendant violated <u>Article 1, Paragraph 3</u>, <u>Article 1, Paragraph 6</u>, and <u>Article 1, Paragraph 7</u> of the New Jersey State Constitution.

18.  Information responsive to this interrogatory will be provided when obtained.

19.  Information responsive to this interrogatory will be provided when obtained.

20.  Please see documents Bates stamped: PL000006 - PL000008.

21.  Objection to the question as over-broad, unduly burdensome and oppressive.  Without waiving objection, and reserving the right to supplement the answer at a later date, please see documents Bates stamped: PL00039-PL00489.

22.  Please see answer to Interrogatory No. 21.

23.  Plaintiff did not sustain injuries causing her to be physically immobile.

24.  Plaintiff was not confined to a hospital.

25.  Please see answer to Interrogatory No 21.

**EXHIBIT C**

*William H. Buckman Law Firm*

ATTORNEYS AT LAW
110 Marter Avenue, Suite 209
Moorestown, New Jersey 08057

Telephone 856-608-9797
Fax 856-608-6244

William H. Buckman
Certified Criminal Trial Attorney - NJ
Member NJ, PA, NY and VT Bar
wbuckman@whbuckman.com

Surinder K. Aggarwal
Member NJ Bar
skaggarwal@whbuckman.com

Lilia Londar
Member NJ and PA Bar
llondar@whbuckman.com

Wayne E. Natale
Of Counsel
wnatale@whbuckman.com

January 28, 2010

**VIA FACSIMILE AND REGULAR MAIL**
Elaine C. Schwartz, Deputy Attorney General
Office of the Attorney General
Department of Law and Public Safety
Division of Law
25 Market Street
P.O. Box 114
Trenton, New Jersey 08625

   RE: ISLAM v. STATE OF NJ, et. al.
      Case No.: 08-cv-01844 (JBS-AMD)

Dear Counsel:

  Please accept this correspondence as Plaintiff's response to
defendant VanSant's request for Plaintiff's statement of damages.
Plaintiff's damages for malicious prosecution include attorney
fees for counsel that she was forced to retain to defend her
against charges in municipal court.  Additionally Plaintiff's
damages for malicious prosecution and civil rights violations
include emotional pain and suffering.

      Yours truly,

      THE WILLIAM H. BUCKMAN LAW FIRM

      By: _____
         LILIA LONDAR

LL:ms
cc:  Robert V. Fodera, Esq. (via facsimile)
   Pamela Islam (via regular mail)     **EXHIBIT D**

*State of New Jersey*

JON S. CORZINE
*Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 114
TRENTON, NJ 08625-0114

ANNE MILGRAM
*Attorney General*

TAYSEN VAN ITALLIE
*Director*

February 1, 2010

Lilia Londar, Esq.                    *Via facsimile and regular mail*
William H. Buckman Law Firm
110 Marter Ave.; Suite 209
Moorestown, N.J. 08057

        Re:  Islam v. City of Bridgeton <u>et al.</u>
             United States District Court, District of New Jersey
             <u>Case Docket No.: 08-cv-01844 (JBS)</u>

Dear Ms Londar:

        I am in receipt of your letter dated January 28, 2010
purporting to be a statement of damages. As I represented when we
spoke on Friday, January 29th at the deposition of your client, I
had not reviewed the document as it was sent to my office late
Thursday evening.

        This document neither addresses the interrogatories sent
to your client nor does it comply with the requirements of the
Initial Disclosures as set forth in the <u>Fed. R. Civ. P.</u> 26(a). <u>Fed.
R. Civ. P.</u> 26(a) clearly states that,

             ...a party <u>must</u>, without awaiting a discovery
             request, provide to the other parties: . . .

             (C) a computation of any category of damages
             claimed by the disclosing party, making
             available for inspection and copying as under
             Rule 34 the documents or other evidentiary
             material, not privileged or protested from
             disclosure, on which such a computation is
             based, including materials bearing on the
             nature and extent of injuries suffered.

             {<u>Fed. R. Civ. P.</u> 26(a) (1)(C)].



**EXHIBIT E**

February 1, 2010
Page 2

This information was to be supplied at the commencement of the discovery period and now, with discovery closed, we still do not have the information which was required by Court Rule.

The letter of January 28, 2010 fails to supply even the barest bones of this information. In fact, when I raised this issue with the Court in our most recent telephone conference, Magistrate Ann Marie Donio, U.S.M.J., stated that the Defendants were entitled to this information. When you argued that we could depose your client regarding this issue, Magistrate Donio instructed that we were entitled to this information prior to deposition. Of course, as I noted, I did not receive your letter of January 28, 2010 as it was sent via facsimile only hours before the close of business on the day immediately prior to deposition.

Despite the fact that I had not received the information prior to deposition, and despite the fact that the letter contains no tangible information regarding damages, in the interest of moving this matter forward, I questioned Ms Islam at deposition on the issue of damages and received no information. She did not understand the term "compensatory damages"; she was not aware of the actual damages she claims, and was unable to offer any concrete information on "out-of-pocket" expenses. Likewise, she did not understand the term "punitive damages" and offered no information regarding her claim for same.

Discovery has ended. If I do not receive the information requested by Wednesday, February 3, 2010, I will have no option but contact the court.

Very truly yours,

ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY

By: 

Elaine C. Schwartz
Deputy Attorney General

ECS:lp

Cc:  Robert V. Fodera (via facsimile and regular mail)

# *William H. Buckman Law Firm*

ATTORNEYS AT LAW

110 Marter Avenue, Suite 209
Moorestown, New Jersey 08057

Telephone 856-608-9797
Fax 856-608-6244

William H. Buckman
Certified Criminal Trial Attorney - NJ
Member NJ, PA, NY and VT Bar
wbuckman@whbuckman.com

Surinder K. Aggarwal
Member NJ Bar
skaggarwal@whbuckman.com

Lilia Londar
Member NJ and PA Bar
llondar@whbuckman.com

Wayne E. Natale
Of Counsel
wnatale@whbuckman.com

February 5, 2010

VIA ELECTRONIC MAIL AND REGULAR MAIL
Elaine C. Schwartz, Deputy Attorney General
Office of the Attorney General
Department of Law and Public Safety
Division of Law
25 Market Street
P.O. Box 114
Trenton, New Jersey 08625

      RE:   ISLAM v. STATE OF NJ, et. al.
             Case No.: 08-cv-01844 (JBS-AMD)

Dear Ms. Schwartz:

    I write in response to your February 1, 2010 letter.  Please be advised that I am still waiting to receive documents responsive to your request for a statement of damages.  I anticipate that I will be in receipt of these documents shortly and will provide you with a more detailed statement.

    If you have any questions please feel free to contact my office.

                Yours truly,

                THE WILLIAM H. BUCKMAN LAW FIRM

                By:                   
                    LILIA LONDAR

LL:ms

cc:  Robert V. Fodera, Esq. (via electronic mail and regular mail)
      Pamela Islam (via regular mail)

**EXHIBIT F**