```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| PAMELA WINDROW ISLAM, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-1844 (JBS/AMD) |
| v. | |
| CITY OF BRIDGETON, et al. | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE,** District Judge:

This matter is before the Court on a motion by Defendant Doug VanSant to dismiss the Complaint because of Plaintiff's failure to disclose a computation of damages before the deadline for discovery. [Docket Item 37.] THE COURT FINDS AS FOLLOWS:

1. On April 15, 2008 Plaintiff Pamela Winrow Islam filed a Complaint without an attorney under 42 U.S.C. § 1983 alleging violations of her First Amendment rights by the City of Bridgeton, Bridgeton Police Officer James Shrader, the State of New Jersey, and Doug VanSant, an employee of the New Jersey Motor Vehicle Commission. This Complaint was amended with the assistance of counsel on February 4, 2009 and February 23, 2009.

2. The Complaint arises from an incident on April 18, 2006 at the Bridgeton location of the New Jersey Motor Vehicle Commission. The Plaintiff alleges that she was denied the right to keep her head covered for religious purposes in a driver's license photograph. Plaintiff's refusal to leave resulted in the

Plaintiff being arrested by the Bridgeton Police Department.

3. On January 25, 2010, following a telephone conference, Magistrate Judge Donio instructed Plaintiff to provide a response to interrogatories. (Br. in Supp. 3.) After being extended three times, discovery was set to end on January 29, 2010. [Docket Item 31.] On January 28, 2010, Plaintiff sent Defendant VanSant a letter describing damages (Br. in Opp'n. Ex. A), and on January 29, 2010 at Plaintiff's deposition, she testified that she was forced to miss work and had to pay for attorney's fees and medical costs. (Br. in Opp'n, Ex. G, 83:1-22.) However, neither the letter nor the deposition stated a dollar amount.

4. On February 1, 2010 Defendant VanSant sent a letter reiterating his request for a computation and granted Plaintiff permission to provide the information until February 3, 2010. (Br. in Supp. 4.) On February 5, 2010 Plaintiff responded with a letter stating that she was still waiting for documents that would allow a computation and she would shortly provide a more detailed statement. (Br. in Opp'n, Ex. B)

5. On February 8, 2010 Defendant VanSant filed the present motion. [Docket Item 37.] Defendant's Notice of Motion and Proposed Order states that the motion is being brought under Rule 41(a)(2)(b). (Notice of Mot. 1; Proposed Order 1.) As no such rule exists, the Court assumes Defendant is referring to Rule 41(b). However, the motion papers include a statement of

material facts pursuant to Local Civil Rule 56.1(a).  The cover page of the brief in support of the motion states that the motion is being brought under Rule 56(c)(2)(B), (Br. in Supp. 1) another non-existent rule.  Finally in the last page of his Brief in Support and in his Reply Brief, the Defendant says the action is being brought under Rule 56(c).  (Br. in Supp. 7; Reply Br. 1, 3.)  The content of the brief argues both that the damages claim should be dismissed for failure to comply with discovery requirements (presumably under Rule 41(b)), and because Plaintiff has failed to adduce documents supporting any monetary damage (presumably under Rule 56(c)).  The Court therefore interprets the motion to argue for both dismissal under Rule 41 and summary judgment under Rule 56.

6. Approximately a month later, in preparation for a settlement conference, Plaintiff provided Defendants with a letter setting out a computation of damages along with 35 supporting documents.  (Pl's Statement of Undisputed Material Facts, ¶¶ 4-5; Br. in Opp'n, Ex. C.)  These 35 documents have not been provided to the Court by either party in support of or opposition to this motion.

7. Rule 41(b) provides a way for a defendant to move the Court to dismiss a complaint if a plaintiff fails to prosecute or follow a court order or the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 41(b).  However, "reliance on Rule 41, or on the

court's inherent power, as authority for dismissal for failure to comply with a discovery order is improper since Rule 37 is the exclusive source of authority for dismissal on this ground." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 2369, p. 593 (3d ed. 2008) (citing Societe Internationale Pour Participation Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 207 (1958)).  Defendant's motion pursuant to Rule 41 will therefore be denied.

8. Dismissal under Rule 37 is an "extreme" sanction.  See Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1988) (setting forth six factors that courts should consider before granting dismissal or default under Rule 37).  Even if the motion pursuant to Rule 41(b) were recharacterized as a Rule 37 motion, it would be denied because Defendant makes no argument that such severe sanctions are appropriate.

9. Rule 56(c)(2) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party has the initial burden of persuasion.  Id. at 323.  Summary judgment will be denied because Defendant has failed to show that a computation of damages, as distinct from general evidence of injury, is an essential element of a § 1983 claim.  Plaintiff's

deposition about her injuries and the potential for nominal damages in a § 1983 claim are a sufficient basis for a dispute of material fact over the issue of damages.  See Carey v. Piphus, 435 U.S. 247, 266 (1978) (holding that even if actual damages are not shown to support compensatory damages that nominal damages may be awarded under § 1983).  If Defendant wishes to challenge the admissibility of evidence supporting the March 5, 2010 computation,[1] then Defendant can file an appropriate motion in limine.

10. In sum, because Defendant has failed to show that he is entitled to summary judgment under Rule 56(c)(2) and there is no basis for dismissal under Rule 41(b), the motion will be denied. The accompanying order shall be entered.


**August 4, 2010**                           s/ Jerome B. Simandle
Date                                         JEROME B. SIMANDLE
                                             United States District Judge

---

[1] As noted, neither party has submitted Plaintiff's March 5, 2010 computation of damages and accompanying documents for the Court's review.  The Court presumes that the computation and documents are responsive, at last, to Defendant's interrogatories as directed by Judge Donio on January 25, 2010.  Accordingly, Plaintiff is also precluded, in the future, from introducing additional responsive documents unless Plaintiff first seeks leave to do so, or obtains consent.  The time for discovery has expired and the Court will be alert to any further tardiness by Plaintiff Islam.