IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAMELA WINDROW ISLAM, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-1844 (JBS/AMD) |
| v. | |
| CITY OF BRIDGETON, et al. | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

This matter is before the Court on motions for reconsideration filed by both sets of Defendants [Docket Items 74 & 75], urging the Court to reconsider its Opinion and Order of March 28, 2011 [Docket Items 68 & 69]. The Court finds as follows:

1. Local Civil Rule 7.1(i) governs the Court's review of motions for reconsideration. Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision. L. Civ. R. 7.1(i). To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir.

1999). To prevail under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." <u>P. Schoenfeld Asset Management LLC v. Cendant Corp.</u>, 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal quotations and citations omitted).

    2. Defendants City of Bridgeton and James Shrader move to reconsider arguing that the Court should have considered evidence that Defendants possessed but inexplicably failed to submit with their motion, a videotape of the events. To state the basis for the motion is to state the reason for its denial. The video is not "newly discovered evidence" and it therefore may not be submitted to support reconsideration. <u>See</u> <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985) ("Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration.").

    3. Defendant Van Sant's motion for reconsideration is also without merit. First, Van Sant contends that the Court overlooked Van Sant's evidence that he revoked Plaintiff's license to remain in the DMV for non-discriminatory reasons. But the Court did no such thing. Instead, the Court observed that there is a dispute of fact over the reason for Van Sant's decision, given the conflicting testimony regarding what happened. Van Sant mistakes a summary judgment motion for an

opportunity to persuade the Court that his version of facts is correct, and continues to mischaracterize or misunderstand Plaintiff's claim as one involving her being denied an opportunity to speak (as opposed to being retaliated against for speaking).

4.  Relatedly, Van Sant maintains that Plaintiff herself testified that she was already leaving when Van Sant revoked her license to remain.  This purported fact was not previously raised by Van Sant, and therefore cannot serve as the basis for his reconsideration motion.  And, in any case, the argument is meritless because Van Sant mischaracterizes Plaintiff's testimony.  Plaintiff testified that she was talking to Van Sant when he said, "I'm tired of talking to you.  Can you come escort her out of here."  (Pl.'s Oct. 29, 2009 Dep. 218:1-4.)  She was then asked, "When you realized that you weren't going to get your photograph taken, why didn't you leave?" to which she responded, "I did leave."  (Id. at 219:1-4.)  She then explains that at the moment she was going to leave, Shrader came right up next to her and forcefully escorted her out.  (Id. at 219:5-14.)  A reasonable reading of Plaintiff's testimony is that once Van Sant called for Shrader to come escort Plaintiff, she decided to leave.  Van Sant does not identify any part of her testimony that indicates that she had decided to leave before Van Sant revoked her license to remain.

5. Next, Van Sant argues that the Court erred in stating that "it is undisputed that Defendant Van Sant refused to allow Plaintiff to get her photo taken for her license without removing her head covering, in violation of the MVC policy," [Docket Item 68 at 17] because Van Sant testified that he offered Plaintiff the opportunity to attest to her religion in order to have the photo taken.  Van Sant is correct that this sentence of the opinion should have said that it is undisputed that Defendant Van Sant refused to allow Plaintiff to get her photo taken for her license without removing her head covering or signing a form attesting to her religion, in violation of the MVC policy.  But the difference is not dispositive.  Since this was Defendant's motion for summary judgment, and there is a genuine dispute of fact over whether Van Sant simply refused outright or offered Plaintiff an outdated form that the MVC withdrew, the Court's conclusion that a fact-finder must determine what happened is unchanged.

6. Finally, Van Sant maintains that the Court erred in referencing Plaintiff's opposition to Defendant Shrader's motion in discussing Plaintiff's retaliation claim against Defendant Van Sant.  The Court wrote: "In the motion papers, along with discussion of a free exercise claim which is not pleaded, Plaintiff characterizes her speech claim as being that Van Sant retaliated against her because of her argument with him by

ordering that she be physically removed from the MVC," and cited a section of Plaintiff's brief discussing Plaintiff's similar claim against Shrader.  [Docket Item 68 at 14.]  The summary of Plaintiff's claim against Van Sant is entirely correct. (See, e.g., Pl.'s Br. 19-21 ("[I]t is clear, that in response to Ms. Islam's effort to inform him that she was aware of her rights, Van Sant had Plaintiff removed and arrested, in violation of her First Amendment right to free speech.").  Defendant's objection seems to be that the Court cited to page 10 of Plaintiff's brief, in which she is framing her claim as one of retaliation when discussing Defendant Shrader, instead of any of the other pages on which Plaintiff also characterized her First Amendment claim, including specifically against Van Sant.  This is petty nit-picking; it is not a "dispositive factual matter" sufficient to warrant reconsideration.

7. Because Defendants fail to identify an intervening change in the controlling law, new evidence that was not available when the court rendered the judgment in question, or dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered, their motions will be denied.  The accompanying Order will be entered.

 **May 9, 2011**                                    **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                United States District Judge

5